**Arturo Villeda COVARRUBIAS, Petitioner,**

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

No. 05–76627.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.\*\*

Filed Oct. 2, 2007.

Philippe M. Dwelshauvers, Esq., Fresno, CA, for Petitioner.

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney

General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jocelyn Lopez Wright, Kurt B. Larson, Esq., Stacy S. Paddack, Song Park, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM ***

Arturo Villeda Covarrubias, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), we deny in part and dismiss in part the petition for review.

The BIA acted within its discretion in denying Covarrubias' motion as untimely because it was filed more than eight months after the BIA's final removal order, *see* 8 U.S.C. § 1229a(c)(7)(C)(i) (requiring motion to reopen to be filed within ninety days of the final administrative removal order), and Covarrubias failed to establish grounds for equitable tolling, *see Iturribarria*, 321 F.3d at 897 (equitable tolling is available "when a petitioner is prevented from filing because of deception, fraud or error," as long as the petitioner acts with due diligence).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

To the extent Covarrubias contends the BIA should have exercised its sua sponte authority to reopen his case, we lack jurisdiction to review the BIA's decision not to do so. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002).

We do not consider any challenge to the BIA's underlying order dismissing Covarrubias' direct appeal from an immigration judge's denial of cancellation of removal, because that decision was the subject of a previous petition for review.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**